# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| WILLIE DEXTER KIMBROUGH, Plaintiff, vs. PETER ZELLMER, BRANDON JOHNSON, Defendants. | No. C12-4116-LRR<br><br>INITIAL REVIEW ORDER |

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 3). The plaintiff filed such application on December 6, 2012. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983 (docket no. 1) and an application for appointment of counsel (docket no. 2).

## I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the statements that the plaintiff made, the court finds that the initial partial filing fee is $2.51. 28 U.S.C. § 1915(b)(1). The plaintiff shall submit $2.51 by no later than April 29, 2013. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19

F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIM ASSERTED

Currently confined at the Fort Dodge Correctional Facility in Fort Dodge, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to criminal proceedings. The plaintiff predicates jurisdiction on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff claims that, on November 15, 2011, United States Deputy Marshal Peter Zellmer and United States Deputy Marshal Brandon Johnson tried to apprehend him pursuant to a warrant for a state probation violation but, rather than

3

apprehend him, they unlawfully seized his suitcase, which had expensive assets in it, including his clothing, jewelry and cell phone. Further, he claims that he has been deprived of his property since November 15, 2011. In support of his claims, the plaintiff states that the record in his criminal case indicates that United States Deputy Marshal Peter Zellmer and United States Deputy Marshal Brandon Johnson seized his expensive assets. As relief, the plaintiff states that he wants to be reimbursed $25,000.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*,

4

490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. Plaintiff's Claim

Based on the facts alleged, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. The plaintiff is unable to maintain a section 1983 claim against the United States Marshals named in this suit. Such a claim is unavailable because of section 1983's state action requirement. *See Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996). However, in a *Bivens*[1] action, a plaintiff may seek to establish individual liability against federal officials based on claimed violations of the United States Constitution.

Having determined that it is appropriate to construe the plaintiff's action as a *Bivens* action, the court finds that the plaintiff's statement of his claim is vague or ambiguous and, as a result, it is unable to conduct the required review under 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A(b)(1). In light of the record, it is appropriate to have the plaintiff submit an additional statement that clarifies the facts showing he is entitled to relief. The plaintiff should set forth pertinent facts, if they exist, which explain how the defendants violated his constitutional rights. Namely, if he knows, the plaintiff should explain: (1) when he last had possession of his suitcase, (2) how and where the defendants obtained his suitcase,

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (recognizing cause of action brought directly under the United States Constitution against federal officials acting in their individual capacities for violations of constitutionally protected rights).

(3) whether he or anyone else saw the defendants take his suitcase, (4) when he was arrested and what the circumstances surrounding his arrest were, (5) whether the facts at issue in this case relate to *State v. Kimbrough*, Case No. FECR056830 (Woodbury Cnty. Dist. Ct. 2012), (6) whether evidence related to his suitcase was used in his criminal case, (7) whether he sought to suppress evidence on the basis of the Fourth Amendment in his criminal case, (8) whether his property is being retained by the defendants, the State of Iowa or some other entity and (9) whether he asked for the property to be returned or pursued legal remedies through the courts of the State of Iowa. The plaintiff shall file his additional statement by no later than April 29, 2013. If necessary, the plaintiff may request in a written motion an extension of time to submit his additional statement. In the event that the plaintiff fails to comply with the court's directive, this action may be dismissed.

## V. APPOINTMENT OF COUNSEL

Lastly, appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in civil actions, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record, the court finds that appointing an attorney is not necessary. Accordingly, the application for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 3) is granted.

(2) The plaintiff is directed to submit an initial partial filing fee of $2.51 by no later than April 29, 2013. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(3) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(5) Consistent with the foregoing, the plaintiff is directed to file an additional statement by no later than April 29, 2013. If necessary, the plaintiff may request in a written motion an extension of time to submit his additional statement. In the event that the plaintiff fails to comply with the court's directive, this action may be dismissed.

(6) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

**DATED** this 1st day of April, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Fort Dodge Correctional Facility, Fort Dodge, Iowa

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that Willie Dexter Kimbrough, #6882891, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Kimbrough v. Zellmer, et al.*, Case No. C12-4116-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $2.51, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*KJorgensen*    Deputy Clerk
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa